IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LESIA SANDERS | ) |
| | ) |
| v. | ) NO. 3-13-0157 |
| | ) JUDGE CAMPBELL |
| WHITES CREEK HEALTHCARE, LLC | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 19). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff filed this action against her former employer under the Fair Labor Standards Act ("FLSA"), alleging that she was fired in retaliation for reporting and refusing to remain silent about Defendant's illegal activity under the FLSA. Plaintiff also asserts a claim under the Tennessee Public Protection Act and a claim for common law retaliatory discharge. Defendant has moved for summary judgment on all of Plaintiff's claims.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## RETALIATION

Under the Fair Labor Standards Act, it is unlawful for any person to discharge or in any other manner discriminate against any employee because that employee has filed a complaint or instituted or caused to be instituted any FLSA proceeding or has testified or is about to testify in any such proceeding. 29 U.S.C. § 215(a)(3). To establish a *prima facie* case of retaliation, the employee must prove that (1) she engaged in a protected activity under the FLSA; (2) her exercise of the protected right was known by the employer; (3) thereafter, the employer took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).[1]

---

[1] The analysis for purposes of this motion is the same under the Tennessee Public Protection Act and Tennessee retaliatory discharge common law.

2

If the employee establishes a *prima facie* case, the burden then shifts to the employer to set forth a legitimate, non-retaliatory reason for the adverse employment action. *Id*. If the employer carries that burden, then the employee must prove that the employer's proffered reason was not the true reason but merely a pretext for retaliation. *Id*.

Defendant argues that Plaintiff cannot establish a causal connection between any protected activity and Plaintiff's firing. Defendant also contends that Plaintiff is unable to show that Defendant's legitimate, non-retaliatory reason for her termination was pretextual.

Defendant tries to limit Plaintiff's protected activity to her "report" that Sue Wales in Human Resources was allegedly altering employee time sheets. Plaintiff's Complaint, however, states the following: "During Plaintiff's employment, she formed a good faith belief that Defendant committed a wage and hour violation. . . . Plaintiff formed a good faith belief that Defendant failed to properly compensate the hourly employees. . . . Plaintiff's good faith belief was based on other employees' altered time sheets which were presented to Plaintiff by Sue Whales (sic), a Human Recourses (sic) representative, requesting Plaintiff's signature." Docket No. 1.

The Court finds that Plaintiff's allegations are not so limited as Defendant contends. Plaintiff has alleged that Defendant committed a wage and hour violation and failed to properly compensate employees. If employees were actually working off-the-clock and not being compensated for that work, Plaintiff's allegation is true and a reasonable jury could find that Defendant was violating the FLSA. If, in order to avoid paying these employees who worked off-the-clock, the Human Resources Department altered time sheets, a reasonable jury could find that that conduct also violated the FLSA.

3

Plaintiff alleges that on numerous occasions, she advised her immediate supervisor that a certain employee was not being properly compensated - that is, she was working off-the-clock and time sheets were being altered. Her supervisor, Mr. Adeogun, denies this fact. There is a genuine issue of material fact as to whether Plaintiff was actually reporting these alleged violations rather than condoning them.

Moreover, Plaintiff contends that she attempted to advise her District Manager of these wage and hour violations, and he basically ignored her. Plaintiff alleges that the next week, she was put on a performance improvement plan and, soon thereafter, she was suspended and then terminated. Plaintiff argues that only after she reported illegal activity to Mr. Adeogun was she issued a performance improvement plan. Plaintiff's termination letter states that she was terminated solely based on the fact that she was aware that one of Defendant's employees was violating federal law and Defendant's policies and yet Plaintiff continued to condone the employee's actions. Docket No. 22-1, p. 132.

Plaintiff argues that, on May 3, 2012, just days before her termination, she sent a complaint letter to Defendant's Human Resources Department. In that letter, Plaintiff complains about several things, including (1) she tried to bring some things to her Regional Director's attention on April 26, 2012, and he basically ignored her; (2) she was not given the essential things she needed to work in the dietary department, (3) she was receiving very limited support from her immediate supervisor; (4) some of her employees were working off the clock despite her instructing them not to; and (5) the off-the-clock work was not reported because the Human Resources Department took time off the time sheets. Docket No. 22-1, pp. 118-19. A reasonable jury could find that this letter constituted protected activity just before her firing.

4

The Court finds that Plaintiff has created a genuine issue of material fact as to the causal connection between her protected activity and Defendant's termination of her employment.

Defendant asserts that its legitimate, non-discriminatory reason for firing Plaintiff was that she was aware of an employee working "off-the-clock" and condoned it. Again, if Plaintiff reported that employee numerous times to her immediate supervisor, tried to report it to her District Manager, and then reported it in a letter to the Human Resources Department, a reasonable jury could find Defendant's reason to be pretext for retaliation.

For these reasons, there are genuine issues of material fact and Defendant has not shown that it is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is DENIED. This action remains set for trial on July 15, 2014.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE